UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JUAN CARLOS HERNANDEZ-
QUESADA,

      Petitioner,

    v.                                      Case No.:  2:26-cv-01259-SPC-NPM

DAVID HARDIN *et al*,

      Respondents,

_____/

## **OPINION AND ORDER**

Before the Court are petitioner Juan Carlos Hernandez-Quesada's Petition for Writ of Habeas Corpus (Doc. 1) and the government's response (Doc. 3).

Hernandez-Quesada is a native of Cuba.  On September 13, 2015, Border Patrol arrested him and turned him over to Immigration and Customs Enforcement ("ICE").  ICE commenced removal proceedings that day by issuing a notice to appear, and his removal case progressed through immigration court.  On March 6, 2026, an immigration judge granted Hernandez-Quesada release on bond, but the government appealed.

On March 30, 2026, the immigration court held a hearing on whether ICE could remove Hernandez-Quesada to Ecuador.  Hernandez-Quesada withdrew his applications for relief, and the immigration judge granted him voluntary departure to Cuba by April 29, 2026.  Hernandez-Quesada remained

detained, and he did not depart to Cuba. The respondents fault Hernandez-Quesada for failing to depart, but they make no attempt to demonstrate that he could have traveled to Cuba. In any event, the voluntary departure order converted to an administratively final removal order on April 29, 2026.

"Once a noncitizen's order of removal becomes administratively final, the Government 'shall' remove the person within 90 days." *Singh v. U.S. Attorney Gen.*, 945 F.3d 1310, 1313 (11th Cir. 2019) (quoting 8 U.S.C. § 1231(a)(1)(A)). The government must detain the noncitizen during the 90-day removal period, which begins when the removal order becomes administratively final. *Id.* Detention may continue after the removal period, but not indefinitely.

In *Zadvydas v. Davis*, the Supreme Court held, "if removal is not reasonably foreseeable, the court should hold continued detention unreasonable and no longer authorized by statute." 533 U.S. 678, 700-01 (2001). If removal is not practically attainable, detention no longer serves its statutory purpose of "assuring the alien's presence at the moment of removal." *Id.* at 699. The Court found it unlikely Congress "believed that all reasonably foreseeably removals could be accomplished in [90 days]." *Id* at 701. So, "for the sake of uniform administration in the federal courts," it established a "presumptively reasonable period of detention" of six months—the 90-day removal period plus an additional 90 days. *Id.* Courts use a burden-shifting framework to judge the constitutionality of additional post-removal detention:

After this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut the showing.

*Id.*

Here, the 6-month period commenced when the removal order became administratively final on April 29, 2026. Thus, Hernandez-Quesada's detention is presumptively reasonable.

Accordingly, it is hereby

**ORDERED:**

Juan Carlos Hernandez-Quesada's Petition for Writ of Habeas Corpus (Doc. 1) is **DENIED**. The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close this case.

**DONE AND ORDERED** in Fort Myers, Florida on May 11, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies:  All Parties of Record